## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KEITH FINN, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-16-415-M
 )
GREAT PLAINS LENDING, LLC, )
 )
    Specially-Appearing Defendant. )

## ORDER

Before the Court is Defendant Great Plains Lending LLC's ("Great Plains") Special Appearance[1] and FED. R. CIV. P. 12(b) Motion to Dismiss with Brief in Support, filed August 26, 2016. On September 9, 2016, plaintiff responded, and on September 16, 2016, Great Plains replied. Based on the parties' submissions, the Court makes its determination.

I.     Introduction[2]

Plaintiff brings this action against Great Plains based on an alleged violation of the Telephone Consumer Protection Act. Plaintiff alleges that Great Plains called his cellular telephone from various numbers, using an automatic telephone dialing system and automatic and/or prerecorded messages. Plaintiff further alleges these calls were to collect a debt from him. Plaintiff alleges that he had an account with Great Plains in late November 2014 and spoke with Great Plains advising it to cease calling him on his cellular phone, thereby, revoking any consent previously given to Great Plains to call plaintiff on his cellular phone. Plaintiff further alleges

---

[1] Great Plains advises the Court that it makes its limited special appearance to challenge the Court's jurisdiction to preside over this matter and that such appearance shall not be construed as Great Plains waving its sovereign immunity in this matter.

[2] The alleged facts set forth are taken from plaintiff's First Amended Complaint ("Complaint").

that Great Plains did not update its records to restrict calls to his cellular phone and continued to call plaintiff without his express consent. Plaintiff alleges that he resorted to using a call blocker application to try and block as many calls from Great Plains as possible.[3]

Great Plains now moves this Court for an order dismissing this action for lack of subject matter jurisdiction because Great Plains is a wholly-owned and operated economic arm of the federally recognized Otoe-Missouria Tribe of Oklahoma. Great Plains further contends that this matter should be dismissed because plaintiff lacks standing to bring this matter against Great Plains.[4]

II <u>Standard of Dismissal</u>

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. Ltd. P'ship - 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "[A]n Indian tribe is subject to suit only where Congress has authorized suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Tech., Inc.,* 523 U.S. 751, 754 (1998). "Tribal sovereign immunity is a matter of subject matter jurisdiction, which may be challenged by a motion to dismiss under Fed.R.Civ.P. 12(b)(1)." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001) (internal citations omitted).

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States Supreme Court has held that the party

---

[3] Plaintiff alleges that Great Plains called him multiple times a day, almost daily, from December 13, 2014 through February 2015.

[4] Because the Court finds that it lacks subject matter jurisdiction to hear this matter, the Court will not address Great Plains' contention that plaintiff lacks standing to pursue this action against it.

2

asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over their claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

> Rule 12(b)(1) motions generally take one or two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. In reviewing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. . . . In reviewing a factual attack, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion.

*Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotations and citations omitted). It appears that plaintiff is challenging the fact that Great Plains is entitled to share in the tribal sovereign immunity of the Otoe-Missouria Tribe, and, therefore, the Court will consider the evidentiary documents submitted by the parties to make a determination as to its jurisdiction in this matter.[5]

## III. Discussion

"Tribal sovereign immunity may extend to subdivisions of a tribe, including those engaged in economic activities, provided that the relationship between the tribe and the entity is sufficiently close to properly permit the entity to share in the tribe's immunity." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1183 (10th Cir. 2010). Further, when examining the relationship between the economic entities and the tribe, the Court looks to the following factors:

---

[5] Plaintiff also requests a limited jurisdictional discovery period and an evidentiary hearing on this matter to determine the Court's jurisdiction. The Court finds that jurisdictional discovery and an evidentiary hearing is not required, as the Court has determined that it lacks jurisdiction to hear this matter based on the documents submitted.

> (1) their method of creation; (2) their purpose; (3) their structure, ownership, and management, including the amount of control the tribe has over the entities; (4) whether the tribe intended for the entities to have tribal sovereign immunity; (5) the financial relationship between the tribe and the entities; and (6) whether the purposes of tribal sovereign immunity are served by granting immunity to the entities.

*Id.* at 1181.

Plaintiff does not assert that Congress has authorized this suit against Great Plains or challenge the method of Great Plains' creation or the Otoe-Missouria Tribe's intention for Great Plains to have immunity from suit. Plaintiff specifically challenges the fact that Great Plains is not truly controlled, operated, and managed by the Otoe-Missouria Tribe and, further, that the majority of the profits are passed through to non-tribal company Think Finance. Plaintiff also contends that the purpose of Great Plains is to actually create large amounts of money for Think Finance and that Great Plains is just a front for Think Finance and, therefore, does not advance the purpose of tribal immunity.[6]

Having carefully reviewed the parties' submissions in this matter, the Court finds it lacks jurisdiction to hear this matter, as Great Plains is entitled to tribal sovereign immunity. The Court specifically finds that based on the evidence presented, Great Plains is an economic arm of the Otoe-Missouria Tribe and immune from this litigation. Great Plains was enacted, pursuant to the Tribal LLC Act and Tribal Council Resolution #54293, as a limited liability company wholly-owned by the Tribal government "to advance tribal economic development to aid addressing issues of public safety, health and welfare . . . ." Mot. to Dis., Exhibit C, Otoe-Missouria Tribe of Indians Resolution #54293. Pursuant to the Great Plains Operating Agreement, the Otoe-

---

[6] Plaintiff provides the Court with court records and non-authoritative submissions to support his assertions that Great Plains is being used as a front by non-tribal lending companies to avoid state usury laws.

4

Missouria Tribe is the sole member of Great Plains, and Great Plains is managed by its Board of Directors, who are appointed by the Tribal Council of the Otoe-Missouria Tribe. *See* Mot. to Dis., Exhibit D, Operating Agreement of Great Plains Lending, LLC at 4-5. Further, all profits and losses of Great Plains are allocated to the Otoe-Missouria Tribe. *See id.* at 4. Lastly, considering Great Plains was specifically created to advance the economic development of the Otoe-Missouria Tribe, the Court finds that "extending immunity to [Great Plains] directly protects [the Otoe-Missouria Tribe]'s treasury, which is one of the historic purposes of sovereign immunity in general." *Breakthrough Mgmt. Grp., Inc.*, 629 F.3d at 1195 (internal quotation and citations omitted). Further, the Court finds that plaintiff provides no substantial or authoritative evidence that Great Plains is just a front for Think Finance. Plaintiff merely provides the Court with accusations through judicial pleadings and websites alleging that Think Finance is "renting" Great Plains' tribal immunity.[7] Due to the lack any substantial evidence, such as the contractual agreement between Think Finance and Great Plains documenting the profit ratio of the two companies[8], the Court finds that mere accusations are not enough to defeat Great Plains' tribal immunity status. Therefore, this matter should be dismissed as this Court lacks subject matter jurisdiction.

---

[7] Plaintiff provides an Amended Complaint filed by the Commonwealth of Pennsylvania against Think Finance and other payday lenders, in the United States District Court in the Eastern District of Pennsylvania, alleging that payday lenders, such as Think Finance, have contracted with tribes, including Great Plains through the Otoe-Missouria Tribe, to act as a nominal lender for payday loans, in which the tribe only receives less than 5% of the profits generated and the rest of the profits are passed through to the payday lenders, such as Think Finance. *See* Plf. Resp. Exhibit A, Commonwealth of Pennsylvania's First Amended Complaint ¶ 43.

[8] While plaintiff provides evidence of an agreement between Plain Green, LLC (an entity established by the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation in Montana) and Think Finance, he fails to submit documentary evidence pertaining to the nature of the contractual relationship between Great Plains and Think Finance.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Great Plains' Special Appearance and FED. R. CIV. P. 12(b) Motion to Dismiss with Brief in Support [docket no. 15] and DISMISSES this case.

**IT IS SO ORDERED this 3rd day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE